IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01632-PAB

WESTERN BUILDING GROUP, LLC,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a corporation,

    Defendant.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on defendant Auto-Owners Insurance Company's Notice of Removal [Docket No. 1]. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 8.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). The facts presently alleged are insufficient to establish plaintiff's citizenship.

The Notice of Removal alleges that, "[u]pon information and belief, Plaintiff and its members are citizens of Colorado." Docket No. 1 at 3, ¶ 11. More specifically, defendant states that, "upon information and belief, the members of Western Building Group, LLC are Scott Balfanz and/or Kim Balfanz, who are domiciled in and citizens of Colorado with an address of 8311 W. 72nd Place, Arvada, Colorado 80005." *Id.* These

allegations are insufficient to establish plaintiff's citizenship. First, the Court reads defendant's averments "upon information and belief" to mean that defendant does not have affirmative knowledge that Scott and Kim Balfanz are members, or are the only members, of Western Building Group. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity"); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.").

Second, even assuming that Scott and Kim Balfanz are both members of, and are the only members of, Western Building Group, defendant has failed to establish these individuals' citizenship. "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Defendant's allegation that "upon information and belief . . . [Scott and Kim Balfanz] are domiciled in and citizens of Colorado" indicates a lack of affirmative knowledge as to whether Scott and Kim Balfanz are domiciled in Colorado. Further, assuming that they reside at the listed Colorado address, this is also insufficient to determine their citizenship.

3

Residency is not synonymous with domicile, *see Holyfield*, 490 U.S. at 48 ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (unpublished) ("[M]ere property ownership in a state does not necessarily equate to citizenship in that state; a person may own property in a state without either being a state resident or intending to remain there.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **July 12, 2019**, defendant Auto-Owners Insurance Company shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED July 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge